## PHILLIPS CONSTRUCTION COMPANY *v.* C. H. WILLIAMS D/B/A BLYTHEVILLE ROOFING COMPANY

73-52                                        496 S.W. 2d 417

Opinion delivered July 2, 1973

*Moore & Cleveland,* for appellant.

*Reid, Burge & Prevallet,* for appellee.

FRANK HOLT, Justice. The appellee, a subcontractor, brought this action against the appellant, a general con-

tractor, for the balance due on a construction contract. The contract provided that appellee would furnish labor and materials and construct a roof for a school complex according to the architect's revised plans and specifications. Appellant paid appellee $36,000 of the $43,486 contract price but refused to pay the $7,486 balance until appellee corrected alleged defects in the roof to conform to the architect's requirements. Appellee orally amended his complaint by increasing his claim $1,612 for extra work and material or for a total of $9,098. After hearing the evidence, the trial judge, sitting as a jury, found for the appellee. From the judgment upon the $9,098 verdict comes this appeal.

For reversal, appellant first contends the court erred in finding that appellee's work complied with the revised plans and specifications as agreed to in the written contract. We disagree. Of course, this contention presents a question of fact. In this regard we have said:

"It is the province of the jury or the trial court, sitting as a jury, to determine the preponderance of the evidence. However, on appeal we apply the substantial evidence rule in testing the sufficiency of the evidence to support a finding and verdict and, in doing so, we review the evidence and all inferences deducible therefrom in the light most favorable to the appellee in support of the verdict. *Fanning* v. *Hembree Oil Co.,* 245 Ark. 825, 434 S.W. 2d 822 (1968). Nor do we disturb a finding of fact merely because the testimony is in conflict. On appeal it must appear to us that 'there is no reasonable probability that the incident occurred as found by the [jury] trial court sitting as a jury.' *Fanning* v. *Hembree Oil Co., supra.*"

*Fields* v. *Sugar,* 251 Ark. 1062, 476 S.W. 2d 814 (1972).

In the case at bar, the testimony is conflicting. An architect, a witness for appellant, testified that certain parts of the roof were defective because of the existence of "a gummy substance," which was caused by improper installation of the roof and a failure to follow the manufacturer's specifications. Test cuts were made and a laboratory report revealed the existence of the gummy

substance. He, also, testified that there was a defective condition in the roof as a result of the presence of moisture in the insulation. This was caused by installing the roof base sheet over wet instead of dry insulation contrary to the manufacturer's specifications. In substance, appellant's evidence, by the architect, was to the effect that the roof had not been completed in accordance with the plans and specifications. The appellant's president testified, however, that he had not paid the appellee because the school district, at the direction of the architect, had not paid his firm.

Appellee testified that he had built a "good roof" which was as "perfect" as could possibly be constructed; that the roof was built "exactly" as the architect instructed; that the roof was constructed according to the manufacturer's specifications; and that the testing laboratory used by the architect and appellant made no recommendations for corrective procedure. Furthermore, he had completed 95% of the roof under the supervision, control and approval of two of the architect's representatives before another representative, the appellant's witness, was assigned to the project. It was admitted by this witness that these representatives had the authority to waive, change, or modify the specifications in order to meet the needs of the construction. In substance, appellee's testimony was to the effect that he had followed specifications in the construction of the roof which was free of any defects. Further, that the payment for the construction and installation of "extras" was agreed to by the appellant. Appellee's testimony that he had installed a good roof was corroborated by another roofer with many years experience.

As previously indicated, the conflicting versions as to the evidentiary facts were matters for the fact finder to reconcile. Furthermore, appellant's failure to call the two architectural employees who supervised with approval 95% of the construction, as well as not producing a representative of the testing laboratory, could be construed as an inference that their testimony would have been unfavorable. *Brower Mtg. Co. et al* v. *Willis et al,* 252 Ark. 755, 480 S.W. 2d 950 (1972). Upon a con-

sideration of that evidence which is most favorable to appellee, as we do on appeal, we must say there is substantial evidence to support a finding for the appellee. Accordingly, other contentions relating to the sufficiency of the evidence are without merit.

Neither can we agree with appellant's assertion that the trial court abused its discretion by allowing a local roofer to testify as an expert witness for the appellee. Appellant recognizes that we will not reverse unless there is an abuse of discretion in this situation. *Ray* v. *Fletcher,* 244 Ark. 74, 423 S.W. 2d 865 (1968). In the case at bar, this witness on direct examination testified that he had been a roofer for some 26 years; that he was familiar with the type of roof installed by appellee; and that he had installed roofs of a similar nature. The court then overruled appellant's objection that the witness had not demonstrated he was qualified as an expert.

On cross-examination, it was elicited that the witness had not constructed a roof of this type in 10 to 12 years. However, the witness testified that he had "built" a roof according to the very specifications in the case at bar. Although the lapse of time since he had constructed a similar roof might be said to cast doubt upon him as being an expert witness, there is nothing to indicate that appellant objected to this further testimony or moved to strike it or otherwise directed the trial court's attention to the effect of his testimony on the court's previous ruling on the subject.

In the circumstances, we hold that the trial court did not abuse its discretion in permitting the witness' testimony as an expert. The facts that he had not installed this kind of roof for the past several years and that his inspection was limited to a visual observation of the exterior of the roof were matters to be considered by the fact finder as bearing upon his credibility as a witness.

We have considered all of appellant's contentions and find no merit in any of them.

Affirmed.